UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TRUSTEES OF THE MASON TENDERS :
DISTRCIT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND AND :
TRAINING PROGRAM FUND ET AL., :
:
                Petitioner, :    1:22-cv-2247 (ALC)
:
        -against- :    <u>ORDER</u>
:
HI-TEK BUILDING RENOVATION INC., :
:
                Respondent. :
------------------------------------------------------------ x

**ANDREW L. CARTER, JR., United States District Judge:**

      Trustees ("Petitioner") bring this Petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") against Respondent, Hi-Tek. *See generally* ECF No. 1 ("Petition" or "Pet."). Respondent did not oppose the petition. The Court considers the petition unopposed. For the reasons stated below, the Petition is **GRANTED**.

## LEGAL STANDARD

      Arbitration awards are not self-enforcing; they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Under the FAA, any party to an arbitration proceeding can apply for a judicial decree confirming the award. *See* 9 U.S.C. § 9. A court must confirm the award unless it "was procured by corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrator;" the arbitrator exhibited "misconduct" that "prejudiced" a party; the arbitrator "exceeded [her] powers;" or there was "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." *Id.* §§ 10–11.

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Confirmation of an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator … is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

"[A] district court should treat an unanswered … petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all evidence in the light most favorable to the nonmoving party. *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004). A court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## DISCUSSION

Trustees argue that it they are entitled to confirmation of the Award. *See* Petition. The Court agrees. Trustees have carried their burden to demonstrate that there is no genuine dispute of material fact regarding the validity of the arbitration award. The Award provides far more than

a "barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110 (citation omitted). The Court also finds that none of the reasons for vacating or modifying the award under 9 U.S.C. § 10 or § 11 apply. "It is also clear that the parties' agreement compelled them to arbitrate disputes arising out of their relationship." *Coinbase, Inc. v. Sherrer*, No. 24 CIV. 7427 (AT), 2024 WL 4894204, at *2 (S.D.N.Y. Nov. 25, 2024). Accordingly, the Court confirms the Award.

## CONCLUSION

For the foregoing reasons, the Petition to confirm the Award is **GRANTED**. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and to close the case.

**SO ORDERED.**

Dated:   March 31, 2025
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**